UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRUDY A. MCINTYRE,

    Plaintiff,

v.                                    Case No.: 6:13-cv-771-ORL-36-KRS

CENTRAL CREDIT SERVICES, INC.,

    Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*.

### JURISDICTION AND VENUE

2. This action meets the jurisdictional requirements of 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. §1391(b)(2) because this is the judicial district where a substantial part of the events giving rise to this claim occurred and the Plaintiff resides within Brevard County, Florida.

### PARTIES

4. Plaintiff, TRUDY A. MCINTYRE, ("Plaintiff or Ms. MCINTYRE"), is a natural person and a citizen of the State of Florida, residing within Brevard County, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant, CENTRAL CREDIT SERVICES, INC. ("CCS or Defendant"), is listed with the Florida Department of State Division of Corporations as a Florida corporation with its principal address at 9550 Regency Square Blvd, #500, Jacksonville, FL 32225.

7. Defendant is listed with the Florida Office of Financial Regulation as a debt collector which was issued license number CCA0900678.

8. Defendant regularly uses the mail and telephone in a business whose principal purpose is to collect or attempt to collect debts of others.

9. Defendant regularly attempts to collect and collects debts for parties other than the original creditor.

10. Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a (6).

11. Defendant was acting as a debt collector under Federal law regarding the attempted collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, re-alleges paragraphs one (1) through eleven (11) as if fully stated herein.

13. The FDCPA ordinarily does not require proof of any intentional violation and is often called a "strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1190 (11th Cir. 2010)(internal citations omitted).

14. Plaintiff, a natural person, originally obtained a credit card from HSBC Card Services, Inc. or a related HSBC company ("credit card account"), to use for personal, family or household purposes.

15. Plaintiff went in default on this credit card account and it was sold to a third party debt

collector who is using the Defendant to attempt to collect upon this account.

16. In or about early February 2013, CCS began calling the Plaintiff in an attempt to collect upon this debt.

17. In a letter dated February 27, 2013, the Defendant sent the Plaintiff its first dunning letter which was received by the Plaintiff on March 9, 2013. (Exhibit A). Defendant's letter contained the following information:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. (See Exhibit A).

18. On or about March 11, 2013, the Plaintiff sent CCS a timely response which, among other things, disputed the debt, requested proof that a debt is owed and advising CCS to "cease and desist any further communication with me and/or anyone in my family under 15 USC 1692c ( c)." (Exhibit B).

19. This March 11, 2013, letter sent from the Plaintiff to the Defendant was sent U.S. Certified Mail # 7006 2760 0004 5821 6819 and received by CCS by a Ms. Smith on March 14, 2013. (Exhibit C).

20. Even though the Plaintiff invoked the provisions of the Fair Debt Collection Practices Act ("FDCPA") in her March 11, 2013, letter requiring that CCS cease communication until

3

the debt was verified, CCS continued calling during the verification period. (Exhibit B).

21. Even though the Plaintiff invoked the provisions of the FDCPA in her March 11, 2013, letter requiring CCS to cease further communication with her and her family under penalty of violating the FDCPA, CCS (Exhibit B), after receiving this letter (Exhibit C), continued calling the Plaintiff's home telephone number.

22. Even though CCS was required pursuant to the March 11, 2013, Plaintiff's letter to cease communication with the Plaintiff under the FDCPA, CCS's calls continued on a regular basis and were overheard by a third party guest at the Plaintiff's house during a week long visit when CCS's calls went to voice mail on the Plaintiff's phone. This voice mail could be heard throughout the bottom level of the house.

23. On or about March 22, 2013, CCS sent the Plaintiff information she requested and continued its constant phone calls in an effort to collect upon this account even after being told not to communicate with the Plaintiff, other than as allowed by law in her March 11, 2013. (Exhibit B).

24. Defendant placed telephone calls from the following phone numbers: 888-866-0464, 888-904-1800, 866-823-1656, 866-377-8568, 866-489-4533, and 888-500-4750.

25. Defendant acted through its agents, employees, officers and others authorized by the Defendant to attempt collection of this alleged debt.

## COUNT I, DEFENDANT'S COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF 15 U.S.C. § 1692c (b)

26. Plaintiff reincorporates and re-alleges paragraphs one (1) through twenty-five (25) as if

fully stated herein.

27. 15 U.S.C. § 1692c (b) states,

> (b) Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

28. "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2).

29. During the time period of on or about April 12, 2013 to on or about April 17, 2013, Plaintiff had a houseguest.

30. During that same time period, Defendant placed calls to Plaintiff's house which were sent to the answering machine. Plaintiff's answering machine monitors call messages and its volume is set so as to allow the Plaintiff, if home, to hear any phone message received throughout the first floor of her house and up to parts of the second floor of the house.

31. Plaintiff's houseguest overheard one of the messages made by the Defendant regarding its debt collection efforts against the Plaintiff.

32. The Defendant did not have prior consent of the consumer or the permission of a court to allow its messages to be overheard by a third party, the houseguest.

33. Defendant left these answering machine voice mails knowing that an unintended third

party could overhear its debt collection message.

34. Defendant's leaving its voice mails on Plaintiff's answering machine was intentional.[1] Defendant knew or should have known that any voice mail message it left on an answering machine may be overheard by an unintended third party.[2] Yet, Defendant made a business decision to leave these messages anyway regardless of who might overhear them.

35. Because CCS violated the Plaintiff's rights pursuant to 15 U.S.C. § 1692c (b) and intentionally left debt collection communications on Plaintiff's answering machine which were overheard by a house guest, Plaintiff was damaged.

36. As a direct and proximate result of CCS's actions, Plaintiff became nervous, frustrated, frightened, scarred, worried, embarrassed, lost sleep and sought medical intervention for the migraine headaches caused by Defendant's calls which were overheard by her houseguest.

---

[1] Defendant has a history of leaving voice mail messages and/or calls which have been overheard or received by other parties without the plaintiffs' consent. (Available at www.pacer.gov.: *Gaiter v. Central Credit Services, Inc.*, No. 3:12-cv-739-J-12-TEM, document 1, ¶ 13 (e)(M.D. Fla. June 28, 2012)(alleged that defendant CCS violated 15 U.S.C. § 1692c (b) when third party alerted to alleged debt without consent of the plaintiff); *Clark v. Central Credit Services, Inc.*, No. 6:11-cv-676-ORL-28-DAB, document 1, ¶¶ 13-19 (M.D. Fla. April 25, 2011)(third party over heard message while visiting plaintiff on more than one occasion and did not have plaintiff's consent); *Simpson v. Central Credit Services, Inc.*, No. 2:10-cv-00730 CEH-DNF, document 1, ¶¶12-13 (M.D. Fla. December 6, 2010)(defendant began placing collection calls to plaintiff's girlfriend even after she told defendant that it had the wrong number).

[2] The FDCPA does not guarantee a debt collector the right to leave voice mails on an answering machine. See *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009).

6

**Wherefore**, Ms. McIntyre requests that this Honorable Court award her damages pursuant to 15 U.S.C. § 1692k to include: statutory damages of one-thousand dollars ($1,000.00), actual damages, including mental and emotional distress damages, costs and reasonable attorney's fees pursuant to the FDCPA and any other relief that the Court deems just and proper.

### COUNT II, DEFENDANT'S VIOLATION OF 15 U.S.C. § 1692c ( c)

37. Plaintiff reincorporates and re-alleges paragraphs one (1) through twenty-five (25) as if fully stated herein.

38. 15 U.S.C. § 1692c ( c) states,

> (c) Ceasing communication. **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt**, except--(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt. (Emphasis added).

39. In Plaintiff's March 11, 2013, certified mail, return receipt letter to CCS, she told CCS that it was not to communicate with her or her family except as provided for under law. (Exhibit B).

40. In violation of 15 U.S.C. § 1692c ( c), and after receiving Plaintiff's written notice not to communicate with her on March 14, 2013 (Exhibit B; Exhibit C), Defendant continued constantly placing calls to Plaintiff's telephone in order to collect upon this alleged debt.

7

41. When Defendant could not reach the Plaintiff through the calls it made, it left messages on the Plaintiff's voice mail.[3]

42. These messages included live collectors calling leaving voice messages and CCS recorded messages on Plaintiff's home telephone answering machine.

43. Examples of these messages included,

   A. This message is for Trudy McIntyre. It's personal and confidential and to protect your privacy should not be played in the presence of others. If you're not Trudy McIntyre, please disconnect or stop listening immediately. This is McKala Whitley Central Credit Services. You can reach me at 866-377-8562 and this is an attempt to collect a debt from a debt collector. Any information obtained will be used for that purpose.

   B. Trudy A. McIntyre, this is not a sales or marketing call. If this is Trudy A. McIntyre, please press 1 now. If this is not Trudy A. McIntyre please press 2 now. Once again, if this is Trudy A. McIntyre, please press 1 now. If this is not Trudy A. McIntyre, press 2 now.

   C. A. McIntyre, if we have reached the wrong number for this person please call us back at 866-580-4584 to remove your phone number. If you are not Trudy A. McIntyre, please hang up, disconnect or stop listening to this message. If you are Trudy A. McIntyre, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge that you are Trudy A. McIntyre. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Central Credit Services. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about an important business matter at 888-866-6484. Thank you.

   D. Trudy McIntyre. This is not a sales or marketing call. If this is Trudy McIntyre, please press 1 now. If this is not Trudy McIntyre, please press 2 now. Once again, if this is Trudy McIntyre, please press 1 now. If this is not Trudy McIntyre,

---

[3] See FN 2, *supra*.

8

please press 2 now. Hello, this message is for Trudy McIntyre. If you are not Trudy McIntyre, please hang up or disconnect. If you are Trudy McIntyre, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge that you are Trudy McIntyre. You should not listen to this message, Trudy, so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Mary Jones from Central Credit Services. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 888-904-1800. Thank you.

44. Defendant left the message identified in paragraph 43 "B", *supra*, at least eight (8) times after it received the Plaintiff's March 11, 2013 letter on March 14, 2013. (Exhibit B & C).

45. Between April 26, 2013 and May 3, 2013, Defendant called Plaintiff at least twenty (20) times after being notified not to communicate with the Plaintiff.

46. Defendant willfully violated Plaintiff's rights pursuant to 15 U.S.C. § 1692c ( c) after being notified not to communicate with her other than as allowed by law. (Exhibit B).

47. Because CCS violated the Plaintiff's rights pursuant to 15 U.S.C. § 1692c ( c) after being notified not to communicate with her other than as allowed by law, Plaintiff was damaged.

48. As a direct and proximate result of CCS's actions, Plaintiff became nervous, frustrated, frightened, scarred, worried, embarrassed, lost sleep and sought medical intervention for the migraine headaches caused by Defendant's calls.

**Wherefore**, Ms. McIntyre requests that this Honorable Court award her damages pursuant to 15 U.S.C. § 1692k to include: statutory damages of one-thousand dollars ($1,000.00), actual

damages, including mental and emotional distress damages, costs and reasonable attorney's fees pursuant to the FDCPA and any other relief that the Court deems just and proper.

## COUNT III, DEFENDANT'S VIOLATION OF 15 U.S.C. § 1692d (5), CAUSING A TELEPHONE TO RING WITH THE INTENT TO ANNOY, ABUSE, OR HARASS AFTER RECEIVING THE MARCH 11, 2013, CEASE AND DESIST LETTER.

49. Plaintiff reincorporates and re-alleges paragraphs one (1) through twenty-five (25) as if fully stated herein.

50. 15 U.S.C. § 1692d states in part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, **the following conduct is a violation of this section:. . .(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.** (15 U.S.C. 1692d (5). (Emphasis added).

51. Plaintiff's March 11, 2013, cease and desist letter mailed to Defendant was sent U.S. Certified Mail # 7006 2760 0004 5821 6819 and received by CCS by a Ms. Smith on March 14, 2013. (Exhibit C).

52. Defendant intentionally ignored Plaintiff's cease and desist letter after receiving it and continued calling her.

53. Plaintiff received approximately twenty telephone calls from the Defendant just for the period of April 26, 2013, to May 3, 2013.

54. Defendant's only motive in continuing placing phone calls to the Plaintiff after receipt of the March 14, 2013, cease and desist letter (Exhibit C), was to abuse, annoy and harass

the Plaintiff.

55. Because CCS violated the Plaintiff's rights pursuant to 15 U.S.C. § 1692d (5) after being notified not to communicate with her other than as allowed by law, Plaintiff was damaged.

56. As a direct and proximate result of CCS's actions, Plaintiff became nervous, frustrated, frightened, scarred, worried, embarrassed, lost sleep and sought medical intervention for the migraine headaches caused by Defendant's calls.

**Wherefore**, Ms. McIntyre requests that this Honorable Court award her damages pursuant to 15 U.S.C. § 1692k to include: statutory damages of one-thousand dollars ($1,000.00), actual damages, including mental and emotional distress damages, costs and reasonable attorney's fees pursuant to the FDCPA and any other relief that the Court deems just and proper.

## COUNT IV, DEFENDANT'S VIOLATION OF 1692D (6) FOR PROVIDING NO MEANINGFUL DISCLOSURE OF THE CALLER'S IDENTITY.

57. Plaintiff reincorporates and re-alleges paragraphs one (1) through twenty-five (25) as if fully stated herein.

58. 15 U.S.C. § 1692d states in part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. **Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . .(6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.** (15 U.S.C. § 1692d (6)). (Emphasis added).

59. Defendant called the Plaintiff at least ten (10) times using the following communication:

11

> Trudy A. McIntyre, this is not a sales or marketing call. If this is Trudy A. McIntyre, please press 1 now. If this is not Trudy A. McIntyre please press 2 now. Once again, if this is Trudy A. McIntyre, please press 1 now. If this is not Trudy A. McIntyre, press 2 now.

60. "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2).

61. Upon information and belief, Defendant used the following phone numbers to convey this communication to the Plaintiff: 888-904-1800; 866-489-4533; and 866-823-1656. All of these phone numbers are numbers belonging to CCS.

62. Ms. McIntyre knew that these numbers belonged to CCS and that this communication indirectly conveyed information regarding her alleged debt even though this message did not provide the identity of the caller without pressing 1 on her phone.

63. Ms. McIntyre knew that since these messages were coming from these phone numbers that CCS was attempting to collect this alleged debt.[4]

64. Defendant intentionally made most of these calls after being told by the Plaintiff to cease further contact with her in her March 11, 2013, letter. (Exhibit B).[5]

65. These calls did not request the seeking of location information pursuant to 15 U.S.C. §

---

[4] Defendant has a history of leaving voice mail messages without providing meaningful disclosure. (Available at www.pacer.gov.: *McClain v. Central Credit Services, Inc.,* No. 2:11-cv-14395-KMM, doc. 1, ¶¶16, 16 (b) (S.D. Fla. November 4, 2011)(defendant failed to disclose its identity and provided no meaningful disclosure); *Barr v. Central Credit Services, Inc.,* No. 8:10-cv-02748-TBM, doc. 1, ¶¶ 19, 38 (M.D. Fla. December 9, 2010)(defendant provided no meaningful disclosure).

[5] See FN 2, *supra*.

1692b.

66. Because CCS violated the Plaintiff's rights pursuant to 15 U.S.C. § 1692d (6) by failing to provide meaningful disclosure of the caller's identity, the Plaintiff was damaged.

67. As a direct and proximate result of CCS's actions, Plaintiff became nervous, frustrated, frightened, scarred, worried, embarrassed, lost sleep and sought medical intervention for the migraine headaches caused by Defendant's calls.

**Wherefore**, Ms. McIntyre requests that this Honorable Court award her damages pursuant to 15 U.S.C. § 1692k to include: statutory damages of one-thousand dollars ($1,000.00), actual damages, including mental and emotional distress damages, costs and reasonable attorney's fees pursuant to the FDCPA and any other relief that the Court deems just and proper.

## COUNT V, DEFENDANT'S VIOLATION OF 15 U.S.C. § 1692e (11), THE FAILURE TO DISCLOSE IN SUBSEQUENT COMMUNICATIONS THAT THE COMMUNICATION IS FROM A DEBT COLLECTOR.

68. Plaintiff reincorporates and re-alleges paragraphs one (1) through twenty-five (25) as if fully stated herein.

69. 15 U.S.C. § 1692e states in part,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector,** except that this paragraph shall not apply to a

formal pleading made in connection with a legal action. (15 U.S.C. § 1692e (11)). (Emphasis added).

70. ."The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2).

71. Plaintiff received the following communication on her answering machine after Defendant initially sent its dunning letter which was received by the Plaintiff on March 9, 2013. (Exhibit A):

> Trudy A. McIntyre, this is not a sales or marketing call. If this is Trudy A. McIntyre, please press 1 now. If this is not Trudy A. McIntyre please press 2 now. Once again, if this is Trudy A. McIntyre, please press 1 now. If this is not Trudy A. McIntyre, press 2 now.

72. Upon information and belief, Defendant used the following phone numbers to convey this communication to the Plaintiff: 888-904-1800; 866-489-4533; and 866-823-1656. All of these phone numbers are numbers belonging to CCS.[6]

73. Ms. McIntyre knew that these numbers belonged to CCS and that this communication indirectly conveyed information regarding her alleged debt even though this message did

---

[6]

Defendant has a history of leaving voice mail messages without providing in its communications that this message is from a debt collector. (Available at www.pacer.gov.: *Castillo v. Central Credit Services, Inc.*, No. 1:12-cv-21683-FAM, doc. 1-2, ¶¶ 10-12 ( S.D. Fla. May 3, 2012)(defendant failed to state that it was a debt collector); *McClain v. Central Credit Services, Inc.*, No. 2:11-cv-14395-KMM, doc. 1, ¶¶16, 16 (e) (S.D. Fla. November 4, 2011)(defendant failed to disclose its identity and provided no meaningful disclosure); *Barr v. Central Credit Services, Inc.*, No. 8:10-cv-02748-TBM, doc. 1, ¶¶ 18, 24, 42 (M.D. Fla. December 9, 2010)(defendant failed to state that it was a debt collector).

not provide the identity of the caller without pressing 1 on her phone.[7]

74. Because CCS violated the Plaintiff's rights pursuant to 15 U.S.C. § 1692e (11) by failing to provide in subsequent communications that these communications were from a debt collector, the Plaintiff was damaged.

75. As a direct and proximate result of CCS's actions, Plaintiff became nervous, frustrated, frightened, scarred, worried, embarrassed, lost sleep and sought medical intervention for the migraine headaches caused by Defendant's calls.

**Wherefore**, Ms. McIntyre requests that this Honorable Court award her damages pursuant to 15 U.S.C. § 1692k to include: statutory damages of one-thousand dollars ($1,000.00), actual damages, including mental and emotional distress damages, costs and reasonable attorney's fees pursuant to the FDCPA and any other relief that the Court deems just and proper.

### COUNT VI, DEFENDANT'S VIOLATION OF 15 U.S.C. § 1692g (b) BY CONTINUING ITS COLLECTION EFFORTS DURING THE TIME THAT THE PLAINTIFF REQUESTED VERIFICATION OF THE DEBT PRIOR TO THE DEFENDANT PROVIDING THAT VERIFICATION.

76. Plaintiff reincorporates and re-alleges paragraphs one (1) through twenty-five (25) as if fully stated herein.

77. 15 U.S.C. § 1692g (b) states,

> (b) Disputed debts. **If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed,** or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any**

---

[7] See FN 2, *supra*.

> **disputed portion thereof, until the debt collector obtains verification of the debt** or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. (Emphasis added).

78. In a letter dated February 27, 2013, the Defendant sent the Plaintiff its first dunning letter which was received by the Plaintiff on March 9, 2013. (Exhibit A).

79. On or about March 11, 2013, the Plaintiff sent CCS a timely response which, among other things, disputed the debt and requested proof that a debt is owed. (Exhibit B).

80. This March 11, 2013, letter sent from the Plaintiff to the Defendant was sent U.S. Certified Mail # 7006 2760 0004 5821 6819 and received by CCS by a Ms. Smith on March 14, 2013. (Exhibit C).

81. On or about March 22, 2013, CCS mailed the Plaintiff information she requested. (Exhibit D).

82. Defendant kept contacting the Plaintiff, in violation of 15 U.S.C. § 1692g (b) between the time it received Plaintiff's dispute letter and the time that the Defendant mailed the verification letter.

83. Because CCS violated the Plaintiff's rights pursuant to 15 U.S.C. § 1692g (b) by

continuing its attempts to collect upon this debt during the verification period, the Plaintiff was damaged.

84. As a direct and proximate result of CCS's actions, Plaintiff became nervous, frustrated, frightened, scarred, worried, embarrassed, lost sleep and sought medical intervention for the migraine headaches caused by Defendant's calls.

**Wherefore**, Ms. McIntyre requests that this Honorable Court award her damages pursuant to 15 U.S.C. § 1692k to include: statutory damages of one-thousand dollars ($1,000.00), actual damages, including mental and emotional distress damages, costs and reasonable attorney's fees pursuant to the FDCPA and any other relief that the Court deems just and proper.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**</u>

_____
Michael G. Howard, Esq.
Fla. Bar Number 0636541
Attorney for Plaintiff, Trudy A. McIntyre
Law Office of Michael G. Howard, P.A.
P.O. Box 510547
Melbourne Beach, FL 32951-0547
Telephone: 321-728-4246
Fax: 321-728-4217
E-mail: michaelhowardlaw@gmail.com
Trial Counsel

## VERIFICATION OF COMPLAINT

Plaintiff, TRUDY A. MCINTYRE, states as follows:

1. I am the Plaintiff in this civil case.

2. I have read the civil Complaint attached to this Verification of Complaint which was prepared by my attorney.

3. All of the facts contained within this Complaint as they occurred to and pertained to me are to the best of my knowledge, belief, and recollection true.

4. I am not filing this Complaint for any improper purpose or to harass the Defendant. While I am not an attorney, I have filed this Complaint in good faith believing that the Defendant violated the Federal Fair Debt Collection Practices Act.

Pursuant to 28 U.S.C. § 1746 (2), I, Trudy A. McIntyre, hereby declare under penalty of perjury that the foregoing is true and correct.

TRUDY A. MCINTYRE

The foregoing was acknowledged before me this 14th day of May, 2013, by Trudy A. McIntyre, who is (circle or fill in as appropriate), personally known to me or who has produced a Florida Driver's License as identification, and who acknowledged that the facts as they occurred to her are true and correct to the best of his or her knowledge, information and belief, and subscribed his or her name hereto in certification and verification thereof.

NOTARY SIGNATURE
Print Name: Karie Apple
Notary Public, State of Florida
Notary Comm. No.: EE 30110
My Commission Expires: 09-27-2014

18



KARIE APPLE
Notary Public - State of Florida
My Comm. Expires Sep 27, 2014
Commission # EE 30110